UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUIZHOU XIAOZHI SHEEP TRADING CO. LTD,

    Plaintiff,

v.                                        Case No: 1:24-cv-04765

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

    Defendants.

                                                    /

## NON-PARTY EBAY INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW

Non-party eBay Inc. ("eBay") hereby files its Opposition to Plaintiff's Motion for Preliminary Injunction (ECF 25) and respectfully requests that the Court deny the Motion for Preliminary Injunction sought against the 213[1] eBay defendants (the "eBay Sellers") because (1) Guizhou Xiaozhi Sheep Trading Co. LTD's ("Plaintiff") asserted patent, number D1,008,412 S ("'412 Patent") is invalid as anticipated; (2) even if the '412 Patent is valid, hundreds of the accused products clearly do not infringe on the '412 Patent; (3) Plaintiff failed to show that each eBay Seller's conduct, examined individually, meets the standard for a preliminary injunction; and (4) many of the eBay Sellers had very few or no sales of accused products.

## INTRODUCTION

Plaintiff alleges that the eBay Sellers and numerous other defendants have infringed on Plaintiff's '412 Patent for a "Solar Plant Drip Irrigator." To combat this alleged infringement,

---

[1] This number may be somewhat inflated because Plaintiff erroneously named multiple eBay Sellers twice for the same allegedly infringing listing. *Compare* Seller No. 347 as listed on Schedule A and Seller No. 339 *with* Seller No. 378 and Seller No. 396. Additionally, Plaintiff voluntarily dismissed Seller No. 388.

Plaintiff filed the instant suit and sought injunctive relief. On July 30, 2024, Plaintiff obtained an *ex parte* temporary restraining order ("TRO") that threatens to shut down hundreds of small businesses that are using eBay's services. The TRO enjoined the eBay Sellers from selling infringing products on eBay, but the TRO also imposed burdensome legal obligations on third parties like eBay by requiring eBay to "restrain and enjoin" the funds in the accounts of the defendants listed in Schedule A, including the eBay Sellers. In effect, the TRO ordered eBay to impose a blanket asset freeze on the 213 accounts. Plaintiff now moves for a preliminary injunction ("PI") that would keep the restrictions of the TRO in place for the duration of this litigation. eBay opposes the Motion in its entirety. eBay does not generally oppose enjoining the sale of actually infringing products. Plaintiff, however, failed to show which of the eBay Sellers are actually infringing on its patent—if any.

At the outset, eBay wishes to emphasize that it does not want infringing items on its platform and works hard to help rights holders combat such activity. eBay has expended significant resources on its Verified Rights Owner Program ("VeRO"), a system that courts have described as a "robust" tool to help rights holders get offending listings removed. *See, e.g., Rosen v. eBay, Inc.*, 2015 WL 1600081, at *9 (C.D. Cal. Jan. 16, 2015) (granting summary judgment in eBay's favor after noting "other courts' recognition of eBay's robust implementation of its notice and takedown procedures"). And eBay regularly complies with restraining orders like the one entered in this case and cooperates in good faith with plaintiffs. Upon receipt of the TRO, eBay removed accused listings with a 4 x 6 grid pattern on the solar panel that did not predate the patent.

Occasionally, however, eBay receives an order where it appears there are significant issues for certain accounts under the circumstances of the case. Four such issues exist here. First, many of the listings predate the December 19, 2023, issuance of the '412 Patent and therefore cannot

infringe on the '412 Patent.[2]  Second, many of the listings clearly do not infringe on the '412 Patent, as is facially apparent based on the Schedule B that Plaintiff filed.  Third, Plaintiff failed to undertake any concrete analysis regarding the necessity of a PI as to each defendant, as one would expect given the brevity of Plaintiff's 11 page Amended Complaint and 6 page Motion for a Preliminary Injunction in a case involving almost 500 defendants.  On the contrary, Plaintiff simply dumped thousands of pages of exhibits on the Court and demanded an injunction.  Finally, many of the accused listings resulted in *de minimis* or no sales, rendering Plaintiff's alleged damages negligible or non-existent.  More fundamentally, the injunction that Plaintiff demands— the complete shutdown of the defendant merchants—is disproportionate to the sale of a small number of allegedly infringing products.  For these reasons, eBay asks that the Court deny Plaintiff's Motion for a Preliminary Injunction.

## MEMORANDUM OF LAW

**I.     eBay has the right to seek the relief sought herein.**

It is "part of our deep-rooted historic tradition that everyone should have his own day in court." *Martin v. Wilks*, 490 U.S. 755, 761–62 (1989).  The law contains a fundamental requirement that any person bound by a court order has the right to his own day in court, with the opportunity to contest the validity of the order.  *G. & C. Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F. 2d 29, 37 (1st Cir. 1980) ("The central reason that one who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction.  Absent an opportunity to contest liability, his knowledge of the injunction is not sufficient to bind him as an individual.").

---

[2] Additionally, several of the listings pre-date the patent application. The patent is invalid as anticipated, as detailed herein.

Applying these principles, the Seventh Circuit allows third parties who have not been named in the suit that are required to act pursuant to an injunction to challenge the injunction. *See Blockowicz v. Williams*, 630 F. 3d 563, 566 (7th Cir. 2010). Indeed, "[t]he Seventh Circuit has held that the defendant named in the complaint must be 'the sole addressee of the injunction,' unless and until a third party 'has been served with process and offered the opportunity to say whether it agrees' that is bound to the injunction under Rule 65(d)." *See Eicher Motors Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-CV-2458, 2022 WL 3081869, at *2 (N.D. Ill. Aug. 3, 2022) (quoting *Lake Shore Asset Mgmt. Ltd. v. CFTC*, 511 F. 3d 762, 766–67 (7th Cir. 2007)); *see also Pow! Entm't, LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified On Schedule A Hereto*, No. 20-CV-1324, 2020 WL 5076715, at *2 (N.D. Ill. Aug. 26, 2020) ("Supreme Court law as interpreted by the Seventh Circuit forbids pre-determining the question of whether an injunction binds a third party under Rule 65(d)(2) without first serving the third party and giving it an opportunity to be heard.").

In that vein, courts in this District allow third parties in "Schedule A" proceedings to oppose injunctive relief. *See Eicher Motors Ltd.*, 2022 WL 3081869, at *2 (allowing Amazon to object to a motion for temporary restraining order that required Amazon to freeze the funds in a defendant's Amazon seller accounts); *see also Lake Shore Asset Management Ltd.*, 511 F. 3d at 767 (holding that the threshold question "whether a particular person or firm is among the 'parties' officers, agents, servants, employees, and attorneys; [or] other persons in active concert or participation with' them (see Fed. R. Civ. P. 65(d)(2)(B), (C)) is a decision that may be made only after the person in question is given notice and an opportunity to be heard.").

The PI would impose duties on eBay, specifically the requirement that it freeze all funds in the eBay Sellers' accounts. eBay has not had an opportunity to be heard regarding the propriety

4

of that component of the injunction as required by Seventh Circuit precedent. Therefore, eBay has standing to contest the PI in regard to the duties it imposes on eBay, which would include the requirement that eBay freeze the funds in the eBay Sellers' accounts.

## II. Plaintiff did not meet its burden to obtain a PI.

To obtain a preliminary injunction, Plaintiff must show that "(1) [it] will suffer irreparable harm before the final resolution of [its] claims; (2) available remedies at law are inadequate; and (3) [it] has a likelihood of success on the merits." *Knox v. Shearing*, 637 Fed. Appx. 226, 228 (7th Cir. 2016). "If the moving party makes this showing," then the court must "weigh[] the competing harms to the parties if an injunction is granted or denied," "consider[] the public interest, and employ a sliding scale analysis." *See id*. (citation omitted). Further, "[a] preliminary injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is cautiously viewed and sparingly issued." *Id*.

### A. Plaintiff has not shown a likelihood of success on the merits.

On the basis of *ex parte*, untested allegations of design patent infringement, Plaintiff seeks preliminary injunctive relief that does not merely enjoin the eBay Sellers from continuing the allegedly infringing activity; it also threatens to effectively shut down the eBay Sellers' businesses as a whole, including a wide variety of business activity that cannot possibly infringe the Plaintiff's asserted patent. The Federal Rules recognize that limited *ex parte* relief is appropriate in some circumstances. But this drastic remedy risks creating very substantial pressure on the eBay Sellers to quickly settle Plaintiff's allegations of patent infringement, independent of merit, simply so that the eBay Sellers may re-open their doors. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 396 (2006) (Kennedy, J., concurring) (cautioning that courts should be careful to prevent the threat

5

of an injunction with consequences disproportionate to the accused infringing activity from being used "for undue leverage in negotiations").

Indeed, were the eBay Sellers given the opportunity to test the sufficiency of Plaintiff's allegations, it is likely that the complaint would be dismissed for failure to state a claim.

**1) The '412 Patent is invalid as anticipated**.

Several of the accused listings (and thus accused products) were created prior to the issuance of the '412 Patent on December 29, 2023, and before the patent application was filed on April 26, 2023.[3] Accordingly, (assuming those products would infringe on the '412 Patent as Plaintiff contends) the '412 Patent invalid and unenforceable. Under 35 U.S.C. § 102(a)(1), a person is not entitled to a patent if "the claimed invention was . . . in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention[.]" "Anticipation under 35 U.S.C. § 102 requires the presence in a single prior art disclosure of each and every element of a claimed invention." *Lewmar Murine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987). Put simply, anticipation and infringement "are interrelated, or mirror images, in the sense that that which infringes, if later, would anticipate, if earlier." *Undersea Breathing Sys., Inc. v. Nitrox Techs., Inc.*, 985 F. Supp. 752, 772 (N.D. Ill. 1997) (citation and alteration omitted). And if a patent is anticipated, it is invalid, *see ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340, 1343–46 (Fed. Cir. 2012), and cannot be infringed, *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015). In sum, if a product created before a patent is issued

---

[3] The Sellers that fall within this category are numbers: 187, 189, 194, 195, 197, 208, 212–214, 218, 223, 224, 236, 242, 246–248, 250, 257, 259, 266, 271, 277, 279, 291, 293, 295, 299–303, 309–313, 315, 319–321, 325–328, 330, 331, 334, 335, 339, 340, 341, 343, 347, 348, 351, 356, 357, 368, 370, 372–376, 378, 382, 385, 389, 391, 393, 394, 396–398, 400, 401, 407, 409–411, 413, 416, 418–421, 423, 424, 426–431, 434–444, 446, 448–453, 455, 461.

would infringe on the later issued patent, then the patent is anticipated and cannot be infringed upon.

The '412 Patent is invalid due to anticipation. Under 35 U.S.C. § 102(a)(1), the effective filing date of the '412 Patent is April 26, 2023. Several of the accused listings were listed, and thus the products created, before that date. *See* Declaration of Nancy Lindsley ¶ 7, Ex. 2. It follows, that if—as Plaintiff contends—the accused listings share commonalities with the '412 Patent such that the accused listings would infringe upon it, then those accused listings anticipate the '412 Patent, and it is invalid. *See Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."); *Bristol-Myers Squibb Co. v. Ben Venue Laboratories, Inc.*, 246 F.3d 1368, (Fed Cir. 2001) ("[I]t is axiomatic that that which would literally infringe if later anticipates if earlier."); *Illinois Tool Works, Inc. v. Foster Grant Co., Inc.*, 547 F.2d 1300, 1309 (7th Cir. 1976) (quoting *Peters*); *Undersea Breathing Sys., Inc.*, 985 F. Supp. at 772 (citation omitted). Several of the accused listings predate the '412 Patent, but one in particular deserves attention.

In the Declaration of Brandon Lee, filed by Plaintiff, Lee pointed to three images used in the eBay Sellers' product listings as examples of the eBay Sellers' infringement. (ECF 11 at p. 3). One of those images was used in a listing created by Seller No. 279 on January 20, 2023, well before the April 26, 2023, effective filing date of the '412 Patent. *See* Plaintiff's Schedule B (ECF 11-6 at p. 17). It follows that if the product listed by Seller No. 279 would infringe on the '412 Patent—as Plaintiff contends—then it anticipates and therefore invalidates the '412 Patent. *See Peters*, 129 U.S. 530, 537 (1889). Plaintiff should be bound by Lee's sworn statement to that effect: "[i]n the eye of an ordinary observer, Defendant's Infringing Products are extraordinarily similar, if not exactly alike, the designs of the '412 patent." (ECF 11 at p. 3). Because Plaintiff

7

has contended that the product listed by Seller No. 279 (and hundreds of others that predate the '412 Patent) infringe, Plaintiff has also conceded that the '412 Patent is anticipated, invalid, and unenforceable. For this reason, the Motion for Preliminary Injunction should be denied as to **all** of the eBay Defendants.

### 2) <u>An ordinary observer would not confuse the accused products with Plaintiff's design.</u>

The majority of the listings at issue do not infringe on the '412 Patent. The '412 Patent is characterized by: a roughly rectangular body, a 4 x 6 grid of square or rectangular solar receptors, two small ports on the underside of the body, and no digital display. Most of the sales listings lack one or more of these distinctive features or have other distinctive features of their own.[4]

The ordinary observer test applies to design patent cases. *See Hangzhou Chic Intelligent Tech. Co. v. Gyroor*, No. 20 C 4806, 2024 WL 148966, at *1 (N.D. Ill. Jan. 12, 2024). "To prove infringement, a plaintiff must demonstrate by a preponderance of the evidence that 'an ordinary observer, familiar with the prior art . . . would be deceived into believing the accused product is the same as the patented product.'" *Id.* (alteration omitted) (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008).

Plaintiff proffered no analysis using the ordinary observer test in its PI motion. Instead, in its Motion for Temporary Restraining Order, Plaintiff baldly asserted that "[t]he submitted documentation shows that an ordinary observer would be deceived into thinking that the Infringing Products are the same as Plaintiff's Products utilizing the Plaintiff Design." *See* Motion for

---

[4] The Sellers that fall within this category are numbers: 184, 186, 188, 190, 192, 193, 196, 199, 200–207, 209–211, 215–217, 219–222, 227–232, 234, 235, 237–241, 243, 245, 249, 252–256, 258, 259, 256, 262, 264, 265, 267, 268, 269, 270–274, 276, 278, 280–290, 292, 294, 296–298, 306–308, 314, 316, 322, 323, 329, 342, 344, 345, 349, 352–355, 359, 361, 363–365, 367, 369, 377, 379–380, 387–388, 390, 392, 395, 399, 402–405, 408, 415, 417, 422, 425, 432–433, 445, 447, 454, 456, 460. Additionally, many of the listings that predate the issuance of the '412 Patent fall within this category, but those are addressed separately above.

Temporary Restraining Order (ECF 9) at p. 5. This assertion is false and, even if true, wholly insufficient for Plaintiff to meet its burden of demonstrating that it has a likelihood of success against **each** of the 213 eBay Sellers.

In any event, Plaintiff has named almost 500 defendants. As such, a representative example of the accused products as compared to the '412 Patent must suffice. First, the '412 Patent:

U.S. Patent D1,008,412 S, Figure 1



U.S. Patent D1,008,412 S, Figure 2

9

*See* the '412 Patent (ECF 2-1).

As noted above, the '412 Patent is characterized by: a roughly rectangular body, a 4 x 6 grid of square or rectangular solar receptors, two small ports on the underside of the body, and no digital display.

Now, several of the accused listings:

<u>Defendant No. 314</u>



(ECF 11-6 at p. 150)

10

Defendant No. 309



(ECF 11-6 at p. 133)

Defendant No. 452



(ECF 11-7 at p. 252)

Defendant No. 447



(ECF 11-7 at p. 236)

These accused listings, and the others, all have several characteristics that an ordinary observer would immediately recognize and distinguish from the '412 Patent such as: displays, non-rectangular bodies, a varying grid patterns. It is thus highly unlikely that an ordinary observer would be deceived into thinking that the above exemplary products and others sold by the eBay Sellers were the Plaintiff's products. Plaintiff therefore cannot show a likelihood of success on the merits, and the Motion for Preliminary Injunction should be denied in part.

**B.     Plaintiff will not suffer irreparable harm if the Motion for Preliminary Injunction is denied in part.**

An injunction is a forward-looking remedy. *See United States v. Or. State Med. Soc.*, 343 U.S. 326, 333 (1952) (holding that "[t]he sole function of an . . . injunction is to forestall future violations," not to remedy "those past."). Thus, a plaintiff must show that he will suffer irreparable harm in the future as a result of an imminent or ongoing violation, absent the relief requested. *See Swanigan v. City of Chi.*, 881 F.3d 577, 583 & n.2 (7th. Cir. 2018). Plaintiff has not met this burden for four reasons.

First, Plaintiff did not even attempt to argue in its Motion for Temporary Restraining Order or its PI motion that the eBay Sellers *specifically* pose a risk of future irreparable harm. Instead, in the type of blunderbuss-style briefing reserved only for a case involving nearly 500 defendants, Plaintiff offered generally applicable statements of the law regarding irreparable harm in the context of intellectual property with no analysis as to the particulars of each defendant. Put bluntly, Plaintiff failed to make any showing that the eBay Sellers **specifically** pose a risk of irreparable harm to Plaintiff that necessitates a wholesale blanket freeze on the eBay Sellers' entire accounts.

Second, many of the eBay Sellers have never sold an accused product and eBay removed all accused listings post-dating the patent that contain a solar panel with a 4 x 6 grid pattern. *See* Lindsley Decl. ¶ 8, Ex. 2. Additionally, eBay is unaware of any indication that any of the eBay Sellers intend to sell the accused products again. There is thus no basis on which to conclude that irreparable harm could occur.

Third, as to the eBay Sellers based in the United States,[5] Plaintiff's fear that the eBay Sellers will transfer funds to overseas accounts in order to avoid a judgment is completely unfounded. This, combined with the fact that eBay has removed all of the potentially infringing listings, makes it impossible for the U.S.-based eBay Sellers to harm Plaintiff.

Plaintiff's failure to demonstrate that the freezing of the eBay Sellers' accounts is necessary to prevent irreparable harm to Plaintiff is fatal to the preliminary injunction because irreparable harm is a threshold requirement to any preliminary injunction. *Valencia v. City of Springfield, Illinois*, 883 F. 3d 959, 965 (7th Cir. 2018) ("To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements. It must show that: (1) absent a preliminary

---

[5] Contrary to Plaintiff's briefing and declarations, there are 35 such eBay Sellers, numbers: "densm90," 184, 187, 188, 190, 191, 192, 194, 209, 215, 222, 236, 244, 264, 267, 270, 285, 302, 313, 320, 325, 328, 330, 337, 352, 362, 367, 392, 393, 410, 411, 412, 413, 414, 416. *See* Lindsley Decl. ¶ 9, Ex. 3.

injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims[.]") (citation omitted).

    **C. eBay and the eBay Sellers will suffer irreparable harm if the Motion for Preliminary Injunction is granted.**

The blanket asset freeze will cause irreparable injury to the eBay Sellers and eBay. These injuries outweigh the potential harm to Plaintiff of denying the continuation of the blanket freeze, especially because eBay does not oppose enjoining the eBay Sellers from selling infringing products. Plaintiff has already succeeded in restraining the eBay Sellers from selling any infringing products.

The TRO requires eBay to "restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court." In other words, the TRO requires eBay to freeze the funds in the eBay Sellers' accounts **in their entirety** (regardless of where those funds came from) and thereby shut down their businesses for an indefinite length of time. The PI Motion seeks the same relief.

It is well-established that damage to the competitive position of a business, including loss of market share, is an irreparable harm. *See, e.g., Abbott Labs. v. Mead Johnson & Co.*, 971 F. 2d 6, 17 (7th Cir. 1992) (noting that quantifying "loss of market share" is a "practical impossibility" which renders the harm irreparable). So is loss of goodwill and damage to customer relationships. *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F. 4th 531, 546 (7th Cir. 2021) (noting that "it is well established that the loss of goodwill and reputation, if proven, can constitute irreparable harm"); *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F. 3d 922, 930 (Fed. Cir. 2012) (recognizing that "loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm"). And courts have recognized specifically that freezing all funds in accounts maintained by an accused infringer who also sells non-infringing products is a

disproportionate burden. *E-Link Tech. Co., Ltd. v. Shenzhen Uni-Sun Elecs. Co., Ltd.*, 20 C 00247, 2020 WL 8079816, at *3 (N.D. Ill. May 14, 2020) ("restraining all funds received by the Amazon accounts, in light of the relatively small proportion due to the allegedly infringing sales, is disproportionately onerous").

The eBay Sellers run businesses selling more than just the allegedly infringing products. Collectively, they have created 29,571,779 listings on eBay marketplaces around the world. *See* Lindsley Decl. ¶ 10, Ex. 4. For example, eBay Seller "acwholesaler" has listed 1,235,564 items for sale on eBay. *Id*. One of those 1,235,564 items were accused products and those products were never sold. *Id*. Another example is eBay Seller "tootooup" which has listed 125,035 items for sale on eBay. *Id*. One of those 125,035 items were accused products that never sold. *Id*. These are just examples, many of the eBay Sellers are similarly situated. *Id*.

If the Court grants Plaintiff's motion in full, the eBay Sellers will be unable to order inventory, process refunds, ship orders, or make investments in their businesses. As such, they will suffer loss of market share, loss of goodwill, and damage to customer relationships. Under these circumstances, freezing the eBay Sellers' accounts is unwarranted, unjust, and will cause irreparable harm to the eBay Sellers.

The requested PI risks causing irreparable harm to eBay as well. The eBay Sellers may blame eBay for freezing their accounts. This damages eBay's relationship with these businesses. The account freezes may also lead the eBay Sellers to believe that eBay's platform is not a reliable place to do business and seek other partners instead. The loss of sellers—whether because businesses are forced to close their doors or because businesses conclude that the risk of an abrupt account freeze with no process means that eBay's platform is not a desirable place to do business— makes eBay's marketplace a less attractive place for customers to shop and sellers to sell.

15

### D. The public interest and balance of harms weigh in eBay's and the eBay Sellers' favors.

The public interest factor focuses on the harm to "non-parties" if the injunction is granted. *Ty, Inc.*, 237 F. 3d at 895. As discussed above, eBay may suffer significant harms if the Motion for Preliminary Injunction is not denied in part. Moreover, consumers will needlessly suffer the harms of less options for products and less competition while the eBay Sellers are unable to operate their stores. On the other hand, while the protection of intellectual property rights is a matter of public interest, the prohibition on selling infringing products alleviates any future danger to Plaintiff's intellectual property rights.

Lastly, to the extent that Plaintiff has shown any chance of irreparable harm, the balance of the harms weighs heavily in eBay's and the eBay Sellers' favors. On one side of the ledger, Plaintiff could suffer a *de minimis* harm in the form of difficulty collecting its negligible equitable damages from each eBay Seller. On the other side of the ledger, eBay risks losing its customers (the eBay Sellers) due to the blanket asset freeze. And the eBay Sellers' entire businesses are effectively shut down while this case winds toward its conclusion. The harms facing eBay and the eBay Sellers if the Motion for Preliminary Injunction is granted in full greatly outweigh those facing Plaintiff if the Motion for Preliminary Injunction is denied in part.

### E. At most, eBay should only be required to freeze some, but not all, of the eBay Sellers' funds.

In the pre-judgment context, a court can only freeze assets that are necessary to ensure future equitable relief. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) (holding that a district court has "no authority to issue a preliminary injunction preventing [a defendant] from disposing of their assets pending adjudication of [plaintiff's] contract claim for money damages"); *see also Zorro Productions, Inc. v. Individuals, Corps., Ltd.*

16

*Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23-CV-5761, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023) ("The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief."); *Deckers Outdoor Corp.*, 2013 WL 12314399, at *2 ("[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief."). The only equitable remedies that Plaintiff seeks are accounting and disgorgement of profits—and that is sought in the alternative. *See* Am. Compl. (ECF 7) at p. 10. Thus, although eBay contends that any asset freeze is inappropriate, at most the freeze should only apply to funds in the eBay Sellers' accounts that can be tied to the sales of allegedly infringing products.

When it can be shown that "particular assets [are] not the proceeds of counterfeiting activities," those assets should not be frozen. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 C 115, 2024 WL 2763735, at *1 (N.D. Ill. May 30, 2024) (alteration in original) (quoting *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015)). Upon such proof, those assets are exempt from an asset freeze. *See id.*; *see also Luxottica USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015) (same); *Entertainment One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 954 (N.D. Ill. 2019) (same); *H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., Ltd.*, No. 16-CV-10096, 2017 WL 6733685, at *6 (N.D. Ill. Dec. 18, 2017) (same). "Thus, 'if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more.'" *Roadget Bus. Pte. Ltd.*, 2024 WL 2763735, at *1 (quoting *Deckers Outdoor Corp.*, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013).

Therefore, if the Court continues the freeze of the eBay Sellers' accounts, the scope of such freeze should be modified to correspond to profits generated by the alleged infringement, which for some of the eBay Sellers was $0. *See* Lindsley Decl. ¶ 7, Ex. 2.

WHEREFORE, non-party eBay Inc., respectfully requests that the Court enter an order denying the Motion for Preliminary Injunction against the eBay Sellers in its entirety or, alternatively, as to the blanket asset freeze against the eBay Sellers and for such other relief as the Court deems just.

Dated: September 17, 2024

*s/ William F. Farley*
William F. Farley
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
Telephone: 312-578-6698
Primary Email: william.farley@hklaw.com

*Counsel for eBay Inc.*